**FILED**
**Aug 23, 2023**
**07:08 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Cecilia Kanbi,** | ) | **Docket No. 2020-06-1501** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Claudia Ghanem, d/b/a Kebab Gyros,** | ) | **State File No. 66043-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **Society Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

At a compensation hearing on August 17, 2023, the parties disputed the amount of permanent partial disability benefits owed to Cecilia Kanbi and her request that Kebab Gyros offer a panel of physicians for future medical benefits. For the reasons below, the Court holds that Ms. Kanbi retained an eleven-percent combined impairment rating: ten percent for her mental injury, and one percent for her physical injuries as assigned by Dr. Jeffrey Willers. Dr. Willers will remain the authorized treating physician for future medical benefits.

### Claim History

Ms. Kanbi suffered mental and physical injuries from an armed robbery while working at Kebab Gyros on November 4, 2019. As to mental injuries, she treated with Dr. Greg Kyser, who assigned a ten-percent impairment rating. Kebab Gyros did not contest that rating but instead disputed the extent of Ms. Kanbi's physical injuries.

Ms. Kanbi's right foot was shot during the robbery, requiring extensive medical treatment. She first saw Dr. Scott Dube, whom she selected from a panel. He referred her to podiatrist Dr. Tod Bushman, who performed surgery in May 2021. Dr. Bushman later thought it might be necessary to amputate the third toe or perform an allograft. As either involves surgery, Kebab Gyros authorized a second opinion with orthopedic surgeon Dr.

Willers. Dr. Willers agreed that the amputation was appropriate. Ms. Kanbi consented to Dr. Willers's amputation of the toe in April 2022.

Ms. Kanbi reported continuing foot pain to Dr. Willers several times after surgery. Physical therapy and various medications gave Ms. Kanbi little relief. At a July visit, Dr. Willers wrote, "I do not think orthopedically I have any additional treatment options to offer." He referred Ms. Kanbi to Dr. Jeffrey Hazlewood for pain management.

In October, Dr. Hazlewood informally placed Ms. Kanbi at maximum medical improvement, although he wrote that he would defer to Dr. Willers's opinion. In November, Dr. Hazlewood repeated the pronouncement of maximum medical improvement, assigned a one-percent impairment rating, and placed no work restrictions.[1]

Ms. Kanbi returned to Dr. Bushman in early February 2023 on her own. Afterward, she sought an order for further treatment with him as the authorized treating physician, expressing dissatisfaction with Dr. Willers. After an expedited hearing, the Court granted additional medical benefits with Dr. Willers, finding that Ms. Kanbi gave no legal basis for the designation of any other physician. The order also directed Dr. Willers, as treating physician, to assign the impairment as required by the statute and administrative rules. Neither party appealed the order.

After a March 31 visit, Dr. Willers placed Ms. Kanbi at maximum medical improvement and assigned a one-percent impairment rating with no work restrictions.

As to continuing care, Dr. Willers wrote, "I will plan to see the patient back on an as-needed basis. I have encouraged them to certainly contact me for any problems, questions, or concerns. . . . Call or Return if symptoms worsen or persist." He added, "I do not have any additional treatment options to offer her," and "[n]o future appointments are necessary." Dr. Willers later completed a Form C-32, where he repeated the rating and wrote that Ms. Kanbi was at maximum medical improvement as of November 14, 2022.

At trial, Ms. Kanbi again requested that she be allowed to see a physician other than Dr. Willers. She said that her foot pain interrupts her sleep and makes activities of daily living difficult. She walks with a cane, which workers' compensation provided her on Dr. Willers's request.

Ms. Kanbi contested Dr. Willers's rating but offered no admissible expert evidence giving a higher rating. Before the compensation hearing, Ms. Kanbi submitted a C-30A

---

[1] After Dr. Hazlewood placed the rating, the parties discussed settlement but did not reach an agreement. In December, Ms. Kanbi's attorney moved to withdraw on her request. He filed a properly supported lien on her recovery. Neither Ms. Kanbi nor Kebab Gyros opposed the motion or lien.

from Dr. Dube, and during the trial she offered his C-32. Kebab Gyros objected to both, and the objection was sustained as explained below.

## Findings of Fact and Conclusions of Law

At a compensation hearing, Ms. Kanbi bears the burden of proof and must show entitlement to benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2022). But before deciding her compensation, preliminary matters must be addressed.

### *Motion to Continue*

Ms. Kanbi requested a continuance of the compensation hearing on August 11, seeking additional time to obtain a C-32 from Dr. Dube. Kebab Gyros objected.

The Tennessee Court of Appeals very recently summarized the applicable law for continuances in *Wilder v. Wilder,* 2023 Tenn. App. LEXIS 306, at *11 (Tenn. Ct. App. July 27, 2023). The party seeking a continuance carries the burden to prove the circumstances that justify the continuance. To meet this burden, the moving party must supply some "strong excuse" for postponing the trial date. Factors relevant to the decision include: (1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted. *Id.*

Applying the above factors, the injury took place close to four years ago, and this case has been pending for over two and a half years. The reason for the requested continuance is to obtain a C-32 from a physician who saw Ms. Kanbi *in 2019 and 2020.* She only recently decided to seek his opinion, despite knowing about his involvement in the case since November 2019. The above factors favor proceeding with the hearing as scheduled. The Court finds Ms. Kanbi did not offer a strong excuse or "good cause" to continue the hearing. Tenn. Comp. R. and Regs. 0800-02-21-.11(8) (February, 2022). The motion is denied.

### *Admissibility of Dr. Dube's C-32, C-30A*

Ms. Kanbi offered a photocopy of Dr. Dube's C-32, signed on August 14, 2023, at trial. Kebab Gyros objected, arguing in part that it was not timely filed. Tennessee Compilation Rules and Regulations 0800-02-21-.22(3)(a) requires the filing of all

proposed exhibits ten business days before a compensation hearing. The objection is sustained.[2]

As to Dr. Dube's C-30A, the Workers' Compensation Law gives two means by which a physician's opinion is admissible at a compensation hearing: deposition testimony or "a written medical report on a form established by the administrator." Tenn. Code Ann. § 50-6-235(c)(1). The form to which the statute refers is the C-32, not the C-30A. The C-30A form itself instructs it is "to be filed with the Workers' Compensation Carrier or Adjuster," and its purpose is informational only for potential settlement. In contrast, a C-32 reads that it is used "to introduce direct testimony in lieu of a physician's deposition"; its purpose is for litigation. Therefore, the C-30A is inadmissible, and Kebab Gyros's objection is sustained.

*Permanent partial disability*

Turning now to the merits of Ms. Kanbi's claim, the parties dispute the amount of permanent partial disability benefits she shall receive. Kebab Gyros does not contest the ten-percent rating for the mental injury or the one-percent rating for her foot.

As explained above, Ms. Kanbi did not offer an admissible contrary opinion. She believes she suffered a higher impairment for the foot injury. She testified to her pain and difficulty with activities of daily living. The Court observed her walking with a cane.

The Workers' Compensation Law allows for permanent partial disability benefits based on the impairment rating assigned by the authorized treating physician. *See* Tenn. Code Ann. § 50-6-204(k)(1). Dr. Willers became her final authorized physician when Ms. Kanbi consented to his treatment. The statute specifically prohibits a treating physician from considering "complaints of pain" when placing the rating. *Id.* at -204(k)(3). Further, the treating physician's permanent impairment rating is presumed accurate. *Id.* at -204(k)(7).

The Court finds Ms. Kanbi credible regarding her pain and the devastating impact the injury has had on her life. But Dr. Willers's rating is the only opinion in the record and is presumed correct. The Court finds Ms. Kanbi suffered an eleven-percent combined impairment.

Therefore, she is entitled to 49.5 weeks of benefits as her original award, or eleven percent times 450 weeks. Her agreed weekly compensation rate is $452.04. This equates to $22,376.48, accrued and payable in a lump-sum. Tenn. Code Ann. § 50-6-207(3)(a).

---

[2] The proposed exhibit also was a copy and did not bear an original signature. *See* Tenn. Code Ann. § 50-6-235(c)(1) ("A reproduced medical report that is not originally signed is not admissible as evidence unless accompanied by an originally signed affidavit from the physician[.]").

Of that, her former attorney is entitled to a twenty-percent fee, or $4,475.30, plus costs of $545.50, under the agreement Ms. Kanbi signed when she hired him. Tenn. Code Ann. § 50-6-226(a)(1). He filed a properly supported lien on her recovery and is owed $5,020.80. Therefore, Ms. Kanbi's net original award is $17,355.68.

Considering the eleven-percent rating and Ms. Kanbi's maximum medical improvement date of November 14, 2022, she is entitled to 49.5 weeks of benefits or 347 days. This time has not passed yet. If, on October 26, 2023, Ms. Kanbi has not returned to work for any employer or has returned to work but is receiving wages less than what she earned on the date of injury, she may file a claim for increased benefits under Tennessee Code Annotated section 50-6-207(B).

*Medical benefits*

An employer must provide lifetime medical benefits under Tennessee Code Annotated section 50-6-204. Kebab Gyros argued that Dr. Willers should be Ms. Kanbi's treating doctor; Ms. Kanbi asked for a panel to select a new physician. She argues that Dr. Willers "continues to say 'he is done with me, and there is nothing he can do to me[.]' [M]eanwhile, I am still in excruciating chronic [pain]." Ms. Kanbi cited *Limberakis v. Pro-Tech Security, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7-10 (Sept. 12, 2017) (An injured worker is entitled to reasonable and necessary additional treatment in an accepted claim at the interlocutory stage, and if the authorized treating physician declines to treat the employee further, a panel is appropriate.).

In *Limberakis,* the authorized physician wrote that employee "will be discharged from further care." According to the employee, his staff refused to schedule additional appointments despite repeated requests. *Id.* at *3. Here, Dr. Willers wrote, "I do not have any additional treatment options to offer her," and "[n]o future appointments are necessary." But his records also stated, *"I will plan to see the patient back on an as-needed basis. I have encouraged them to certainly contact me for any problems, questions, or concerns. . . . Call or Return if symptoms worsen or persist."* (Emphasis added). Read as whole, Dr. Willers expressed a willingness to continue to treat Ms. Kanbi, unlike the words and deeds of the doctor and his staff in *Limberakis.*[3]

The Appeals Board has characterized the employer's right to control medical treatment as "an important public policy underlying the workers' compensation system in general." *Rhodes v. Amazon.com, LLC,* 2019 TN Wrk. Comp. App. Bd. LEXIS 24, at *18 (June 11, 2019). Further, "Tennessee courts have long held that the employer in a workers'

---

[3] Importantly, the employee in *Limberakis* made the request for another physician at the interlocutory stage, not at a compensation hearing. The standard to prevail an expedited hearing is different and a less exacting burden: "likely to prevail at a hearing on the merits." At a compensation hearing, the standard is higher; the employee must show entitlement to benefits by a "preponderance of the evidence."

compensation case generally has the right to control medical treatment, assuming that the employer has complied with the requirements of Tennessee Code Annotated section 50-6-204. *Id.*

Here, Ms. Kanbi's concerns are understandable. On one hand, Dr. Willers wrote that he has nothing to offer; on the other, he agreed to see her p.r.n. and if symptoms persist or worsen. Still, the latter statements suggest a willingness to remain involved in her treatment. Ms. Kanbi has not identified any way in which Kebab Gyros has not complied with the law regarding her medical benefits. The Court cannot ignore the guiding case law. Ms. Kanbi's request for a panel is denied. Instead, she is entitled to lifetime future medical benefits with Dr. Willers as required by section 50-6-204. If Dr. Willers refuses to see her, she may renew her request at that time.

IT IS THEREFORE ORDERED:

1. Kebab Gyros shall pay Ms. Kanbi $22,376.48 as permanent partial disability benefits. Her former attorney, Drew Saulters, is entitled to fees and costs, so her net award, accrued and payable immediately, is $17,355.68. Ms. Kanbi may file a petition for increased benefits on or after October 26, 2023, if appropriate.

2. Kebab Gyros shall immediately issue a check to attorney Drew Saulters for fees and costs totaling $5,020.80.

3. Kebab Gyros shall provide lifetime medical benefits with Dr. Kyser and Dr. Willers for reasonable, necessary, and work-related treatment. If Dr. Willers refuses to see Ms. Kanbi, she may request a panel and if necessary file a petition at that time.

4. The $150.00 filing fee is taxed to Kebab Gyros, to be paid to the Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (February, 2022) within five business days, and for which execution might issue if necessary.

5. Kebab Gyros shall prepare and submit to the Clerk a Statistical Data Form (SD-2) within ten business days of this order becoming final.

6. Unless appealed, this order becomes final thirty days after issuance.

**ENTERED August 23, 2023.**

*Kenneth M. Switzer*
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

6

## Appendix

Exhibits: Medical records
1. Dr. Willers/Elite
2. Dr. Hazlewood
3. Dr. Bushman
4. Dr. Willers's C-32/attachments
5. Dr. Dube-Filed by employer
6. Dr. Dube's C30A-Filed by Employee (Identification only)
7. Dr. Dube's C32 (Identification only)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, and Employer's Additional Information
3. Status Hearing Order, February 22, 2021
4. Status Hearing Order, May 26, 2021
5. Status Hearing Order, August 31, 2021
6. Status Hearing Order, November 16, 2021
7. Status Hearing Order, February 14, 2022
8. Motion for Status Hearing
9. Motion to Compel Medical Treatment
10. Status Hearing Order, March 8, 2022
11. Motion to Compel Temporary Disability Benefits
12. Employer's Response/Motion to Compel Dr. Willers' Examination
13. Employee's Response
14. Employee's Reply
15. Order Granting Motion to Compel
16. Status Hearing Order, May 2, 2022
17. Status Hearing Order, May 23, 2022
18. Status Hearing Order, August 8, 2022
19. Status Hearing Order, October 18, 2022
20. Motion to Withdraw and to Assert Lien (with attachments)
21. Employer's Response
22. Amended Order Granting Withdrawal and Attorney's Lien
23. Status Hearing Order, January 18, 2022
24. Hearing Request
25. Employer's Response to Hearing Request
26. Order Setting Expedited Hearing
27. Expedited Hearing Order
28. Employer's Motion on Interpretation (with attachments)
29. Order on Interpretation
30. Employer's Motion for Scheduling Conference (with attachments)
31. Order Setting Scheduling Hearing

32. Employee's Urgent Request to Kebab Gyros
33. Order Setting Compensation Hearing
34. Employer's motion on Social Security Consent to Release Information
35. Order Granting Motion to Sign and Return Release
36. Employer's Pre-Compensation Hearing Statement
37. Dispute Certification Notice, Employee's Additional Issue, Mediator's Note
38. Employee's motion to Continue
39. Employer's Response

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 23, 2023.

| Name | Certified Mail | Mail | Email | Sent to |
|---|---|---|---|---|
| Cecilia Kanbi, employee | | X | X | ahamofa@gmail.com<br>1201 Field Oak Court<br>Antioch TN 37013 |
| Drew Saulters, employee's former attorney | | | X | dsaulters@ortalekelley.com<br>jarmstrong@ortalekelley.com |
| G. David Hatfield, employer's attorney | | | X | dhatfield@gdhatfieldlaw.com |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*